Finding no error in the record, the judgment is affirmed.

─────

**WOOD et ux. v. MOERS. (No. 8887.)**

(Court of Civil Appeals of Texas. Galveston. Nov. 4, 1926. Rehearing Denied Dec. 16, 1926.)

1. **Appeal and error** ⬅➡745,·759—Complaint of refusal to grant nonsuit to plaintiffs held not properly presented by propositions not supported by assignments of error filed below or in brief.

On appeal, complaint as to refusal of court to grant nonsuit to plaintiffs after granting of defendant's motion for peremptory instruction, being tendered through propositions of law, but not supported by assignment of error filed below or appearing in plaintiffs' brief, no question *held* presented for review; trial court having had jurisdiction of parties in controversy, and judgment being well within its powers under pleadings.

2. **Dismissal and nonsuit** ⬅➡7(2)—Refusal to grant nonsuit after decision granting peremptory instruction for opponent held not error (Rev. St. 1925, art. 2182).

In damage action, where, after court had announced decision and ruling on defendant's motion for peremptory instruction, plaintiffs requested that they be granted nonsuit, refusal of such request *held* proper, in view of Rev. St. 1925, art. 2182; decision as to peremptory instruction amounting to withdrawal of cause from jury.

Appeal from District Court, Harris County; Roy F. Campbell, Judge.

Action by E. B. Wood and wife against Dr. Richard H. Moers. From a judgment for defendant, plaintiffs appeal. Affirmed.

S. O. Lovejoy, of Houston, for appellants.

Andrews, Streetman, Logue & Mobley, W. L. Cook, Baker, Botts, Parker & Garwood, Y. D. Mathes, and S. H. German, all of Houston, for appellee.

GRAVES, J. In this suit appellants sought damages of the appellee; having lost below, they appeal from this judgment of the trial court:

"On the 27th day of March, 1925, came on for trial the above styled and numbered cause, and the parties having appeared in person and by their attorneys, and announced ready for trial, a jury was regularly impaneled, and the cause proceeded to trial. After plaintiffs had introduced their evidence in chief and rested, the defendant by his attorneys moved the court for a peremptory instruction, and the court heard argument upon said motion and announced his decision and ruling to the effect that he would grant same, and peremptorily instructed the jury in favor of the defendant. Thereupon plaintiffs' counsel asked leave to take a nonsuit, but the court stated that since he had already announced his ruling the request for a nonsuit came too late. Thereupon the court gave the jury a peremptory instruction to return the verdict in favor of the defendant. Wherefore, the court being of the opinion plaintiffs are not entitled to recover, be it and the same is hereby ordered, adjudged, and decreed that the plaintiffs, E. B. Wood and his wife, Nimmie Wood, take nothing by their suit, and that the defendant, Dr. Richard H. Moers, go hence without day and recover his costs. All costs are taxed hereby against the plaintiffs. To the action of the court in refusing plaintiffs' request for a nonsuit and in granting a peremptory instruction and entering judgment in favor of the defendant, plaintiffs in open court duly excepted and gave notice of appeal."

[1] The only complaint sought to be presented here is one against the action of the court in so refusing to permit the nonsuit, which is tendered through several so-called propositions of law; but no supporting assignment of error was filed below, nor does one appear in the brief of appellants here. There is, furthermore, no statement of facts or bill of exceptions of any sort in the record. The trial court undoubtedly had jurisdiction of the parties and their controversy, and the judgment is one well within its powers under the pleadings. In these circumstances, there is nothing properly presented for review by this court. Ford & Damon v. Flewellen (Tex. Civ. App.) 264 S. W. 602, affirmed by the Supreme Court, 276 S. W. 903.

[2] But, if appellants' contention were entitled to consideration, it could not be sustained. As the judgment recites, the request for leave to take the nonsuit did not come until after the court had announced his decision and ruling to be that the peremptory instruction for the other party would be given. We think this decision of the court was tantamount to a withdrawal of the cause from the jury, and, in so far at least as concerned the right to the nonsuit, reduced it to the status of a nonjury case. Our statute relating to the matter, R. S. 1925, art. 2182, formerly article 1955, has in effect been so construed in Adams v. Railway Co. (Tex. Civ. App.) 137 S. W. 437, in this declaration:

"Where, in an action tried before a jury, a motion for a directed verdict for defendant is made, and the court decides that the motion must be sustained, the question of when plaintiff may take a nonsuit must be determined by the statute governing a case tried before the court without a jury, and not by the statute providing when a nonsuit may be taken in a case tried before a jury."

Were the rule otherwise, there would rarely, if ever, be such a result in a trial as a judgment upon an instructed verdict for the defendant, because in such cases, the plaintiff would probably resort to a nonsuit, rather than suffer the consequences of an instructed verdict against him.

The judgment will be affirmed.

Affirmed.