## TEXARKANA BUS CO., Inc., v. MOTON.
### No. 2080.

Court of Civil Appeals of Texas. Eastland.

Jan. 10, 1941.

Lincoln & Harris, of Texarkana, for plaintiff in error.

Geo. F. Edwardes, of Texarkana, Ark., and William E. Wiggins, of Texarkana, for defendant in error.

LESLIE, Chief Justice.

Josephine Moton instituted this suit against the Texarkana Bus Company, Inc., to recover damages alleged to have been sustained by her in an accident due to negligence of the defendant while she was a passenger upon its bus. The defendant answered by general demurrer, general denial, etc. The plaintiff introduced all her testimony and rested her case. The defendant then moved for an instructed verdict but the court thereafter granted plaintiff permission to take a nonsuit and dismissed the case. The defendant protests this action of the trial court and appeals from said ruling and judgment.

It is the contention of the defendant that after the court had announced his ruling upon the motion for an instructed verdict the plaintiff's request for a nonsuit came too late.

The judgment of the trial court is very specific and fair in the statement of what transpired at the trial. The proceedings deemed material to the point raised are fully reflected by the judgment in the following excerpt therefrom:

"Thereupon and after the plaintiff had completed her testimony and rested her case, came the defendant by its attorneys of record and moved the court to instruct the jury to return a verdict for the defendant. The court thereupon retired said jury and the court heard arguments of the respective attorneys for the defendant and for the plaintiff upon said motion; and the court after hearing arguments of counsel for both sides and being fully advised with respect to said motion and the law concerning the same, and of the facts in evidence, *finds and is of the opinion that said motion of the defendant should be granted.*

*"It is, therefore, ordered, adjudged and decreed by the court that the said motion of the defendant for the court to instruct the jury to return a verdict for the defendant be and the same is hereby in all things granted. On the granting of said motion counsel for plaintiff in open court advised the court that the plaintiff would not take a nonsuit,* and the court thereupon caused the jury to be brought back to the jury box, and proceeded with his instructions to the jury to return a verdict for the defendant in accordance with said motion; and while the court was so instructing the jury *in keeping with his ruling upon said motion,* and was instructing the jury to return a verdict for the defendant and before said verdict had been written out and signed by one member of the jury as foreman, and before the court had completed his instructions to the jury in this respect, plaintiff's counsel arose and requested the court to permit the plaintiff to take a nonsuit, to this motion and request of the plaintiff at this stage of the proceedings, the defendant by its attorneys objected and protested on the grounds that the same came too late; but the court overruled such objection and protest of the defendant and granted the motion and request of the plaintiff for a nonsuit in said case." (Italics ours.)

It is obvious that from the judgment that the plaintiff's request for nonsuit did not come until after the court had announced his decision and ruling in effect sustaining the motion for a peremptory instruction. Hence, the request for nonsuit came too late under the following authorities: Art. 2182, R.S.1925; Texas Electric Ry. Co. v. Cox, Tex.Com.App., 49 S.W.2d 725, 89 A.L.R. 11; Cox v. Texas Electric Ry., Tex.Civ.App., 32 S.W.2d 669; Jacobs v. Gasow Howard Motor Co., Tex.Civ.App., 55 S.W.2d 641; Linguist v. Walker, Tex. Civ.App., 108 S.W.2d 737; Wood v. Moers, Tex.Civ.App., 289 S.W. 1017; Adams v. St. Louis & Southwestern Ry. Co., Tex.Civ. App., 137 S.W. 437; Continental State Bank v. Waggoner, Tex.Civ.App., 48 S.W.2d 1026. We are of the opinion that any fair interpretation of these authorities leads directly to the conclusion announced.

In the Cox case it was held in an opinion by the Commission of Appeals, that "Where the defendant moves for a peremptory instruction, the plaintiff's right to a nonsuit is controlled by that portion of the statute applicable to cases tried before the court without the intervention of a jury. Under such circumstances, the request for a nonsuit is timely if made before the judge has in open court announced his ruling granting such motion." As authority for that conclusion the opinion in the Cox case cited Adams v. St. Louis & Southwestern Ry. Co., and Wood v. Moers, supra.

From the Adams case [137 S.W. 441], cited with approval by the Commission of Appeals opinion in the Cox case, we have the following holding: "* * * where a motion is made for an instructed verdict, as in this case, and the court decides that such motion should be sustained, the question of when the plaintiff can take a nonsuit must be determined by the provisions of the statute governing a case being tried before the court without a jury. In the latter case, by our statute, a nonsuit may be taken at any time before the decision of the court is announced. Whether there was any evidence in the case to sustain a verdict in favor of the plaintiff was a question of law for the determination of the court; and when the court decided there was no such evidence, and stated to counsel for plaintiff that he would sustain the motion to instruct the verdict for the defendant, his decision was practically announced, and the whole case determined against the plaintiff, and she could not thereafter take a nonsuit. The entering of the order sustaining the motion for an instructed verdict, and the signing of such verdict by one of the jurors selected to try the case, were mere ministerial acts which did not have to be performed, before the plaintiff's right to a nonsuit would be barred."

The Court of Civil Appeals, on motion for rehearing in the Adams case, withdrew some portions of the opinion, but not that set out above, and in later cases the rule there laid down has been followed.

For instance, in Wood v. Moers, Tex. Civ.App., 289 S.W. 1017, 1018, commenting upon the rule taken from the Adams case, above quoted, it is stated that "Were the rule otherwise, there would rarely, if ever, be such a result in a trial as a judgment upon an instructed verdict for the defendant, because in such cases, the plaintiff would probably resort to a nonsuit, rather than suffer the consequences of an instructed verdict against him."

Later authorities have cited with approval the rules above stated and here

employed. It is plainly to be seen from the court's judgment as a whole, and especially the portions we have italicized that the request for a nonsuit came after the court's ruling and decision on the motion for a peremptory instruction. The request was then too late.

For the reasons assigned, the judgment of the trial court is reversed and the judgment is here rendered for defendant.