Mable COLLINS, Appellant,

v.

R. R. WALDO et al., Appellees.

No. 3237.

Court of Civil Appeals of Texas.

Eastland.

May 11, 1956.

Rehearing Denied June 15, 1956.

Jack Nossaman, Sherman, for appellant.

James E. Henderson, Sherman, for appellees.

GRISSOM, Chief Justice.

Mable Collins sued R. R. Waldo and Robert Waldo, who do business as the Waldo Funeral Home, and International Fidelity Insurance Company. She alleged said company issued a policy on the life of her deceased husband in which she was beneficiary and which was in effect when he died; that the Waldos "induced and persuaded" her to surrender possession of said policy and conspired to defraud her by obtaining physical possession of the policy without obtaining payment of $2,500, which amount she alleged she had been damaged. She alleged she had been unable to obtain a return of the original policy and the Waldos were put on notice that

unless they presented the original policy secondary evidence of its contents would be introduced. Plaintiff alleged the Waldos were agents and employees of the insurance company and either acted as such in obtaining possession of said policy, or on their own initiative. This petition was filed on June 2, 1955. On June 23rd the Waldos filed an answer and a motion for summary judgment to the effect that there was no genuine issue as to any material fact between them and plaintiff and that she had not asserted, and could not expect to prove, a cause of action against them and that, as affirmatively appeared from plaintiff's petition and the affidavit attached to the Waldos' motion for summary judgment, the Waldos had not damaged plaintiff or prejudiced her claim against the insurance company by delivering physical possession of the policy to the insurance company. The Waldos swore that, at the request of the plaintiff, they reported the death of her husband and assisted plaintiff in preparing her claim, obtained for her a statement of the attending physician, a certified copy of the death certificate and sent them and the policy to the insurance company; that after the insurance company denied liability the Waldos requested the company to return the policy; that a photostatic copy of the policy was promptly mailed to them and delivered by them to plaintiff's counsel; the Waldos further swore that they were in the business of operating a funeral home and had never been agents or employees of the insurance company; that this constituted all of their acts in connection with the policy; that they were not and could not have been fraudulent; that plaintiff could not have been injured or prejudiced thereby and that plaintiff still has all of the rights she ever had under said policy; that it affirmatively appeared from plaintiff's petition and the undisputed facts stated in their affidavit that no fact issue exists between them and plaintiff and that no valid cause of action could be maintained against them. Attached to said motion and made a part thereof were letters from the insurance company to Mrs. Collins and the Waldo

Funeral Home in which the insurance company denied liability on the ground that there had been a material misrepresentation as to the health of the deceased in his application for reinstatement of said policy and showing that it had returned to plaintiff the premiums paid on the policy.

The judgment appealed from recites that the Waldos' motion for summary judgment, after notice, came on for hearing on July 29, 1955, and that the court, in open court, considered said motion, the affidavit in support thereof and the argument of counsel and took the motion under advisement, informing counsel that it would advise them later as to its decision; that, on August 4th, the court, by letter to counsel for both sides, "announced its decision that said defendants' motion for summary judgment would be granted and requested the preparation of a form of judgment for entry"; that on August 17th plaintiff filed a motion for permission to take a non-suit without prejudice as to all defendants; that on August the 23rd, after notice, there came on for hearing plaintiff's motion for permission to take a non-suit and the court, having considered said motion and the argument of counsel, was of the opinion that the motion was proper as to the insurance company and plaintiff's suit as to it was dismissed without prejudice but that the court was of the opinion plaintiff's motion for a non-suit without prejudice to the Waldos was not well taken and was overruled. The judgment concludes that the Waldos' motion for summary judgment was sustained and judgment entered that plaintiff take nothing as against them. Plaintiff has appealed.

Appellant's points are that the court erred (1) in overruling plaintiff's motion for a non-suit as to the Waldos, because it was made prior to "entry" of a summary judgment for the Waldos, and (2) because the affidavit of the Waldos involved their credibility and (3) that the court erred in rendering summary judgment "in view of appellant's request for time in which to take depositions or otherwise controvert appellees' affidavit."

■ In support of point one, that the court erred in overruling appellant's motion for non-suit filed before "entry" of a summary judgment for the Waldos, appellant cites Corder v. Corder, Tex.Civ. App., 189 S.W.2d 100, 102 (Writ Ref.), and quotes therefrom as follows: "* * * the words used in the rule 'before the decision is announced' mean before the judgment is rendered. Rendition of a judgment is its announcement in open court." Appellant says that when she filed her motion for non-suit no judgment had been "entered"; that no judgment had been entered on August 23rd, when a hearing was had on plaintiff's motion for non-suit; that no judgment was entered until August 24th, when judgment was entered granting plaintiff's motion for a non-suit as to the insurance company but denying it as to the Waldos. Appellant says that, although there had been a hearing on the Waldos' motion for summary judgment and an announcement by letter to counsel for both sides that said motion was granted, no judgment had been "entered" until after a hearing of plaintiff's motion for a non-suit. Appellant says, in effect, that any announcement of a judgment on the motion for summary judgment that would preclude a later filing by her of a valid motion for non-suit must have been announced in open court and that the judge's announcement of his decision by mail was neither the rendition nor entry of a judgment and that, therefore, she was not precluded from thereafter taking a non-suit without prejudice to the Waldos. Texas Rules of Civil Procedure, rule 164 provides that in a case tried by a judge a non-suit must be taken before the decision is "announced". We think the decision had been "announced" before plaintiff sought to take a non-suit.

In Continental State Bank of Petrolia v. Waggoner, Tex.Civ.App., 48 S.W.2d 1026, 1029 (Writ Ref.), in a trial to the court, the case was taken under advisement on January 2nd, the judge then stating to counsel that they would be advised, probably by letter, of his decision. On January 17th, the judge wrote letters to counsel stating, " 'I have concluded that the plaintiff is not entitled to recover in this case.' " The court held that the announcement so made deprived plaintiff of his mandatory right to take a non-suit. It would seem that this decision, wherein a writ of error was refused by our Supreme Court, should conclude the controlling question in this case.

■ Relative to appellant's second and third points the record shows that the Waldos' motion for summary judgment was on file for about a month before the hearing. During that time there was no suggestion by appellant that additional time was desired to secure affidavits or to take depositions. Appellant did not file her motion for a non-suit until thirteen days after the court notified counsel for both sides of its decision of the Waldos' motion for a summary judgment. There was no objection made to the manner in which the judge's decision was announced, nor was there any timely request for time to take depositions or to present a controverting affidavit. Although the Waldos' motion for summary judgment was filed on June 23rd and heard on July 29th and granted on August 4th, appellant filed no answer to the controverting affidavit and did not complain thereof, or except thereto, and, in fact, did nothing relative thereto until a hearing was had on appellant's motion for a non-suit on August 23rd, when, after appellant's motion for a non-suit as to the Waldos was overruled, she excepted to the action of the court in granting the appellee's motion for a summary judgment.

■ The record does not even tend to show a cause of action for damages by Mrs. Collins against the Waldos. Apparently with her consent, the Waldos mailed the policy to the insurance company along with certain instruments they had helped her procure to support her claim on the policy. After the insurance company had denied liability, the Waldos requested the insurance company to return the policy.

The company sent a photostatic copy of the policy to the Waldos and they immediately delivered it to appellant's counsel. Loss of physical possession of the original policy was certainly not tantamount to loss of a cause of action thereon. We cannot conceive how appellant could have been deprived thereby of any right she may have on the policy. Certainly there was not such a denial of the rights of appellant as was reasonably calculated to cause and probably did cause rendition of an improper judgment. R.C.P. 434. The judgment is affirmed.