MAINLAND SAVINGS ASSOCIATION, Appellant,

v.

J. Howard WILSON, dba Casa Villa Construction Company, Appellee.

No. 16747.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Oct. 21, 1976.

Mabry, Herbeck & Neumann, William G. Neumann, Jr., Texas City, for appellant.

Donald L. Martin, Houston, for appellee.

EVANS, Justice.

Mainland Savings Association, plaintiff in the trial court, appeals from that part of a summary judgment entered in favor of defendant J. Howard Wilson, individually and d/b/a Casa Villa Construction Company, decreeing that plaintiff take nothing with respect to its cause of action asserted against the defendant on a $45,000 promissory note dated June 26, 1970. The basis of the defendant's motion for summary judgment was that the note was barred by the four year statute of limitations.

In one point of error the plaintiff contends that the trial court erred in refusing to grant its motion for non-suit which was filed prior to the hearing but after the date of filing of the defendant's motion for summary judgment.

Rule 164, Texas Rules of Civil Procedure, as amended effective January 1, 1976, provides:

"Upon the trial of any case at any time before plaintiff has rested his case, i. e., has introduced all of his evidence other than rebuttal evidence, the plaintiff may take a non-suit, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief."

■ Prior to this amendment the plaintiff could take a non-suit, as a matter of right, at any time before the court announced its decision in open court. *Mitchell v. Coker,* 531 S.W.2d 204 (Tex.Civ.App.—Waco 1975, writ ref'd n. r. e.), 535 S.W.2d 175 (Tex.1976). As amended, the rule permits the plaintiff to take a non-suit only until it rests its own case-in-chief. *Coker v. Mitchell,* supra, at page 176.

The plaintiff in the present case sought to recover on three notes, one of which was the June 26, 1970 note in question. The defendant responded with a general denial and by special plea asserting the four year statute of limitations. On October 2, 1975, the plaintiff filed a motion for summary judgment with respect to all three notes, and this motion was presented to the court for hearing on January 30, 1976. At that time the court entered no order, and the motion was taken under advisement. On February 3, 1976, the defendant filed a motion for partial summary judgment with respect to the subject note, asserting as grounds therefor that under the undisputed facts established by the plaintiff's motion, the four year statute of limitations barred the plaintiff's claim as a matter of law. On February 25, 1976 the plaintiff filed a motion for non-suit with respect to the subject note, which motion recites in part:

"On the 30th day of January 1976 a hearing was held on plaintiff's motion for summary judgment. At that time, the court was of the opinion, and the defendant voiced no objection thereto, rendering of the summary judgment in favor of the plaintiff . . . on that one certain promissory note dated January 23, 1970 . . . and . . . on that one certain promissory note dated September 10, 1970 . . . however, the court was

of the opinion that plaintiff's motion for summary judgment in respect to that promissory note . . . dated June 26, 1970 . . . was barred by the four year statute of limitation. At that time the court continued the hearing on plaintiff's motion for summary judgment."

On March 2, 1976 the defendant filed a response to the plaintiff's motion for non-suit, asserting that the motion was not timely filed. On March 8, 1976 the trial court rendered a summary judgment in favor of the plaintiff on the notes of January 23 and September 10, 1970, and in favor of the defendant with respect to the subject note dated June 26, 1970.

The question for this court's determination is whether under these circumstances there was a submission of the plaintiff's case-in-chief upon the "trial" of the case, which prevented the plaintiff from taking a non-suit under Rule 164, T.R.C.P., as amended.

In *Collins v. Waldo,* 291 S.W.2d 360 (Tex. Civ.App.—Eastland, 1956, no writ), a summary judgment proceeding was considered a trial in that the plaintiff was precluded from taking a non-suit after the court had announced its decision to grant the defendant's motion. A summary judgment proceeding has also been treated as a trial with respect to the filing of amended pleadings under Rule 63, T.R.C.P. *Bruce v. McAdoo,* 531 S.W.2d 354 (Tex.Civ.App.—El Paso, 1975, no writ), and authorities therein cited.

There do not appear to be any Texas cases on the precise question before the court.

In the State of Washington, a rule similar to Rule 164, T.R.C.P., provides that an action may be dismissed on the plaintiff's motion at any time before the plaintiff rests "at the conclusion of his opening case." C.R. 41, Washington Civil Rules for Superior Court.

In *Paulson v. Wahl,* 10 Wash.App. 53, 516 P.2d 514 (Division 1, 1973), the defendant had filed a motion for summary judgment and in response plaintiff filed a motion for voluntary dismissal which was granted.

The Washington Court held that since the non-moving plaintiff's motion for voluntary dismissal was made prior to the time the defendant's motion for summary judgment was submitted to the court for determination, the plaintiff retained the right to a voluntary non-suit. The court ruled that the mere filing of the defendant's motion and the scheduling of the motion for hearing did not constitute its submission to the court.

■ In Texas the filing by either party of a motion for summary judgment does not of itself constitute a submission of the motion for the court's determination. Until the summary judgment motion is scheduled for hearing and actually presented to the court at such hearing, there is no certainty that it will ever be submitted to the court. The mere filing of the motion does not prevent the moving party from later withdrawing the motion, in whole or in part.

■ In the case at bar the defendant's motion for summary judgment based upon the defense of limitations was not submitted to the court until March 8, 1976, which was subsequent to the date of filing the plaintiff's motion for non-suit. At the time the plaintiff filed its motion for non-suit it was not precluded from amending its pleading so as to allege facts which would extend the time for filing its action on the note in question. *Tarkington v. Continental Casualty Co.,* 341 S.W.2d 490, 492 (Tex. Civ.App.—Fort Worth, 1960, writ ref'd n. r. e.) Nor was plaintiff then prohibited under Rule 164 T.R.C.P. from abandoning all or any portion of the causes of action which it asserted against the defendant. It is accordingly the ruling of this Court that plaintiff's motion for non-suit was timely filed and that the court erred in entering the partial summary judgment for the defendant.

The part of the summary judgment appealed from is reversed and judgment is rendered that the plaintiff's cause of action against the defendant on the $45,000 promissory note dated June 26, 1970 is dismissed, on plaintiff's non-suit, without prejudice.