**Paul VERRET, Appellant,**

v.

**Carolyn VERRET, Appellee.**

**No. 17123.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

July 27, 1978.

Gerhardt, Kreck & Holliday, Jo Ann Gerhardt, Houston, for appellant.

Jo Nelson, Houston, for appellee.

PEDEN, Justice.

This appeal on behalf of Paul Verret, now deceased, is from an order of dismissal granted after the trial court's oral rendition of a divorce. Mr. Verret died prior to its written entry, and Mrs. Verret's motion to dismiss was granted. Appellant's position is that the trial court erred in dismissing this case because it was not made moot by the death of a party after final decree. Appellee contends the trial judge set aside the oral decree instead of dismissing the cause. We reverse and remand.

An agreed statement of facts reflects that when the hearing on the merits was held on August 16, 1977, both parties appeared in person and by counsel and announced that an agreement had been reached. The trial court pronounced judgment granting the divorce, dividing the community property of the parties, and providing for the support and conservatorship of the minor child. A written decree of divorce was to be submitted to the court. Appellee filed a motion to enter judgment and a hearing was set for October 20, 1977, but this setting was passed by agreement. On November 8, 1977, Paul Verret died.

The statement of facts recites:

"Thereafter, Respondent-Cross-Petitioner filed a Motion to Dismiss and Non-Suit, alleging that the case was now moot because the Petitioner/Cross-Respondent, PAUL VERRET, was dead. The Motion further alleged that the trial court in its discretion could dismiss the action since no written judgment had been signed or entered.

"The Motion to Dismiss and Non-Suit was signed by the trial judge on November 22, 1977, to which dismissal Petitioner/Cross-Respondent gave notice of appeal."

The dismissal order signed by the court stated:

"BE IT REMEMBERED that on this 22nd day of November, 1977, came on to be heard the Motion of Cross-Petitioner for Dismissal of the above entitled and numbered cause, and the Court being of the opinion that said Motion should be granted, it is, therefore,

"ORDERED, ADJUDGED and DECREED by the Court that said cause be, and the same is hereby dismissed with the costs of Court adjudged against Cross-Petitioner."

Appellee filed the "Motion to Dismiss and Non-Suit" alleging mootness on November 9. On November 17 she filed a Motion to Set Aside Judgment stating that 1) Mr. Verret was not competent to agree to a settlement of the community estate, 2) Mrs. Verret was left as sole support of the child with no contribution from the father's estate, 3) Mrs. Verret would be eligible for social security for her daughter, and 4) the nature of the ownership of the home will not change since the daughter would have inherited it anyway. Appellee now argues that the trial judge did not grant her motion to dismiss but granted her motion to set aside the judgment, vacated it and dismissed the suit because he had lost jurisdiction over it.

The only place in the record that indicates the court granted the motion to set aside is on the court's docket sheet. As noted, both the order itself and the agreed statement of facts state that the court granted her motion to dismiss. Recitals in a judgment or signed order of the court

control over conflicting statements in a docket entry. *Hamilton v. Empire Gas & Fuel Co.,* 134 Tex. 377, 110 S.W.2d 561, 566 (1937); *Tejas Trail Property Owners Assoc. v. Holt,* 516 S.W.2d 441 (Tex.Civ.App.1974, no writ).

The oral decree of August 16, 1977 was a final judgment dispositive of all of the issues. A party is not entitled to dismiss or to take a nonsuit after the rendition of a final judgment. Rule 164, Texas Rules of Civil Procedure. Further, Rule 369a, T.R.C.P., which provides that an appeal may be perfected despite the death of a party, applies to an action for divorce that has not become moot; if, as here, the property rights of the parties would apparently be significantly affected depending upon whether the marriage was terminated by divorce or death, the case is not moot. *Dunn v. Dunn,* 439 S.W.2d 830 (Tex.1969).

Neither the death of Mr. Verret nor the oral rendition of divorce affected the trial court's plenary power to set aside the divorce. A trial court retains control over a cause, irrespective of a prior oral decision, until 30 days after the written order is entered; longer, if a motion for new trial is filed. *Ex parte Godeke,* 163 Tex. 387, 355 S.W.2d 701 (1962); *Austin v. Austin,* 553 S.W.2d 9, 11 (Tex.Civ.App.1977, writ dism.); Tex.Rules Civ.Proc., Rule 306a. The court has the power to reverse, modify or vacate its judgment at any time prior to its becoming final under Rule 329b, as late as 30 days after an amended motion for new trial has been overruled. *Mathes v. Kelton,* 21 Tex.Sup.Ct.J. 424, 565 S.W.2d 79 (June 17, 1978).

Appellant argues that the trial court set aside the decree and has now lost jurisdiction of the subject matter, but the decree has not been set aside. A judgment was rendered and it apparently affected the property rights of the parties, so the court did not lose jurisdiction of the cause upon the subsequent death of Paul Verret. *Austin v. Austin,* 553 S.W.2d 9, 10 (Tex.Civ. App.1977, writ dism.).

The dismissal order of the trial court is reversed and this cause is remanded.