Willie Mae O'BRIEN et al., Petitioners,

v.

Alton F. STANZEL et al., Respondents.

No. B–8792.

Supreme Court of Texas.

July 30, 1980.

Rehearing Denied Sept. 12, 1980.

Robert E. Hudson, Houston, William R. Laughlin, Baytown, for petitioners.

Miller, Miller & Robinson, W. T. Miller and Thomas K. Robinson, Gonzales, for respondents.

POPE, Justice.

The question presented is whether the trial court should have dismissed with or without prejudice an action for the probate of a will when the proponents moved for a nonsuit after all of the parties to this three-sided suit had closed. The court of civil appeals reversed the trial court's order dismissing the action without prejudice and rendered judgment dismissing the application to probate with prejudice. 584 S.W.2d 577. We affirm the judgment of the court of civil appeals.

Elizabeth Chesbro filed her application for the probate of Frank Stelzig's will dated September 16, 1971. Thereafter Willie Mae O'Brien, Leona Tucker, and Lorraine Brunson intervened in the same action and filed their application for the probate of an earlier lost will that they alleged Stelzig had executed on July 20, 1965. Six of Stelzig's heirs filed a contest to the probate of both wills.

We have before us a partial statement of facts and record, but they are enough to show that the case commenced on August 31 and continued until September 7, 1978, when the court dismissed the action. Ms. Chesbro, the proponent of the 1971 will, first presented her evidence. The proponents of the lost will then presented their evidence; the two proponents and the contestants closed, but before the charge was read to the jury, the contestants moved that the court instruct a verdict against the proponents of the 1965 lost will.

At that stage, the case had been fully tried by the proponent of the 1971 will, the intervenors, and the contesting heirs. The

trial court, after hearing the motion for instructed verdict and inviting the intervenors to move for a nonsuit, dismissed their application for probate without prejudice to their refiling the case. The application for probate of the 1971 will was then submitted to the jury. After this submission, the trial court rendered a judgment·denying probate of the 1971 will. There was no appeal from this denial. The only remaining question is thus whether the trial court erred in dismissing the intervenors' action without prejudice.

Intervenors fully tried their case. A jury was selected, and intervenors presented oral and deposition testimony in support of their application. They then called an attorney to testify about his preparation and Mr. Stelzig's execution of the 1965 will. The attorney testified that Mr. Stelzig frequently rewrote and revised his will, revoking each prior will. The witness stated that he delivered the 1965 will to Mr. Stelzig. That was the last time the will was ever seen. There was evidence that Mr. Stelzig had employed a number of other attorneys to rewrite his wills, and that he executed several later wills. The attorney for the intervenors in this proceeding testified that he had made an unsuccessful search for the 1965 will. Intervenors' attorney then introduced Ms. Chesbro's deposition about an executed 1968 will which was also lost. Nobody sought probate of that will.

The grounds asserted to support the motion for instructed verdict against the intervenors application to probate the lost 1965 will were that (1) Stelzig's execution of several subsequent wills constituted a revocation of the 1965 will, (2) intervenors failed to account for the 1965 will which was last in Stelzig's possession and they, therefore, did not overcome the presumption that he destroyed it, and (3) the intervenors did not comply with Section 128(b) of the Probate Code.

As a matter of law, from this record, the proponents of the 1965 will did not prove its non-revocation—and the burden of proving non-revocation was theirs. *McElroy v. Phink*, 97 Tex. 147, 76 S.W. 753, 753

(1903), *on motion for rehearing*, 77 S.W. 1025 (1904); *Mingo v. Mingo*, 507 S.W.2d 310, 311 (Tex.Civ.App.—San Antonio 1974, writ ref'd n. r. e.); *Tinney v. Carpenter*, 369 S.W.2d 440, 443 (Tex.Civ.App.—Austin 1963, writ ref'd n. r. e.). The trial court should have instructed the verdict against the intervenors' application to probate the 1965 will.

The motion for instructed verdict also stated that Section 128(b) of the Probate Code requires a proponent of a lost will to serve all the heirs by personal service. All Stelzig heirs appear to be parties to this action except one niece. The intervenors have not urged by crosspoint in the court of civil appeals, by point in their motion for rehearing in that court, nor by point in this court that the absence of an heir constituted good grounds for the trial court's dismissal of their action, with the right to refile it. It was the intervenors who failed to cite the heir by personal service, since they were the ones relying upon the lost will.

Prior to the commencement of the trial, counsel for Ms. Chesbro had on two prior occasions urged to the judge's predecessor on the bench that there was an absence of a necessary party. Both times the objection was overruled. Later, these counsel, in support of a motion for continuance, urged for the third time that the intervenors had not served all necessary parties. In those earlier proceedings, intervenors resisted the motions which would have compelled them to bring in the missing heir. Intervenors had full knowledge from these pre-trial proceedings that they had failed to serve the missing party. They were not surprised when the contestants urged the same objection for the fourth time in their motion for instructed verdict.

Intervenors' argument throughout this case has been that the trial court has discretion to dismiss a suit without prejudice upon motion for nonsuit and that the court exercised that discretion. This court's Rule 164, Tex.R.Civ.P., was originally adopted verbatim from Article 2182 which was enacted in 1853. Tex.Laws 1853, ch. 11, sec.

828

99 at 19; 3 H. Gammel, Laws of Texas 1303 (1898). Under that former rule, one could take a nonsuit "[a]t any time before the jury has retired . . . ." One's right to a nonsuit was absolute. *Brooks v. O'Connor,* 120 Tex. 121, 39 S.W.2d 22 (1931).

Rule 164 was changed in 1975. .The amended rule, which became effective on January 1, 1976, cut off the right to a nonsuit at the time the. party rested his case. The rule now provides:

> Upon the trial of any case at any time before plaintiff has rested his case, i. e., has introduced all of his evidence other than rebuttal evidence, the plaintiff may take a non-suit, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief.

The purpose of the rule was briefly expressed in the court's order which promulgated the rule. That order stated, "The rule permits non-suit up to time the plaintiff rests his case." *Official Court Order,* 38 Texas B.J. 823, 825 (October, 1975). In our opinion in *City of Houston v. Sam P. Wallace and Co.,* 585 S.W.2d 669, 673 (Tex. 1979), we later wrote: "Rule 164, Tex.R. Civ.P., forbids a nonsuit after a plaintiff has introduced all of his evidence other than rebuttal evidence." *See also Coker v. Mitchell,* 535 S.W.2d 175 (Tex.1976).

The intervenors, our petitioners, urge only three points before us. They say that the court of civil appeals erred in holding that Rule 164 prohibits a nonsuit after they rested, in failing to recognize the trial court's discretion, and in rendering judgment with prejudice since there is no showing that the trial court abused its discretion.

We do not hold that there are no situations in which a trial court may exercise discretion even though the trial has progressed beyond the rule's point of no return, but this case does not present one of those situations. One should not be permitted to take a nonsuit so that he can have another day and another try after he has announced ready, picked a jury, and heard and seen all of the witnesses unfold all of the contentions of a three-sided controversy

that has proceeded to the point that all parties have closed after a trial that lasted a week. Under such circumstances, one may not prevent a final judgment on the merits by moving for a nonsuit. *See* 4 McDonald, Texas Civil Practice § 17.16.2 (1971). While circumstances may arise which, in a court's discretion, constitutes grounds for a nonsuit late in a trial, intervenors make no suggestion that another trial would enable them to produce any more evidence than has already been presented.

The judgment of the court of civil appeals, reversing the judgment of the trial court, is affirmed.