**Mario ALVARADO, et al., Appellants,**

v.

**HYUNDAI MOTOR COMPANY, et al., Appellees.**

No. 04–91–00208–CV.

Court of Appeals of Texas, San Antonio.

March 14, 1994.

Rehearing Denied July 25, 1994.

Steve T. Hastings, Allison & Huerta, Corpus Christi, Christa Brown, Austin, for appellants.

Eduardo Roberto Rodriguez, Rodriguez, Colvin & Chaney, Brownsville, Ruth Greenfield Malinas, Frank Montalvo, David M. Prichard, Ball & Weed, P.C., San Antonio, David M. Heilbron, Leslie G. Landau, McCutchen, Doyle, Brown & Enersen, San Francisco, CA, David E. Keltner, Haynes and Boone, L.L.P., Fort Worth, Thomas H. Crofts, Jr., Crofts, Callaway & Jefferson, San Antonio, Armando X. Lopez, Laredo, Lee Casstevens, Wood, Burney, Cohn & Bradley, Corpus Christi, for appellees.

Before GARCIA and REEVES,[1] JJ.

## ON APPELLEES' MOTION FOR REHEARING

GARCIA, Justice.

Appellees' motion for rehearing en banc and motion for rehearing are denied. Our opinion of September 30, 1993, is withdrawn and the following is substituted.

Appellants, Mario Alvarado, Fidel Alvarado, Jr. and Álicia Alvarado, individually and as next friends of Fidel Alvarado, III, a minor, appeal the partial summary judgment entered in favor of appellees, Hyundai Motor Company, Hyundai Motor America, Inc., and Port City Hyundai, Inc. (Hyundai). Appellants also complain that the trial court improperly modified their nonsuit order by dismissing "with prejudice" the part of their case determined by the partial summary judgment. Hyundai contends that appellants' motion for nonsuit was untimely and therefore, the trial court properly dismissed the claims decided by the partial summary judgment with prejudice. In addition, Hyundai maintains that the effect of the nonsuit was to make the partial summary judgment final, and the trial court properly granted its partial summary judgment. We reverse and render.

In 1989, appellants filed a products liability suit against Hyundai following an automobile rollover accident in which one of the appellants was ejected from the car and sustained serious injuries. In their petition, appellants alleged that the 1988 Hyundai Excel was defectively designed and unreasonably dangerous because: 1) the front seats were not

---

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to Tex.Gov't Code Ann. § 74.003(b) (Vernon 1988).

equipped with seat belts (manual lap belts); 2) Hyundai failed to give adequate warnings of increased dangers to which front seat passengers were exposed; and 3) Hyundai failed to give adequate instructions for the use of the front seat restraint system in the vehicle. Appellants also alleged that Hyundai was negligent in failing to equip the vehicle with a seat belt, failing to adequately test the restraint system, failing to warn of the increased risk of harm, and failing to instruct on the use of the restraint system.

Hyundai filed a motion for partial summary judgment asserting that the following allegations were preempted by federal law:

(1) the Hyundai vehicle was defective and unreasonably dangerous in that the front seats of the vehicle were not equipped with seat belts;

(2) defendant failed to give adequate warnings of increased danger to which passengers were exposed;

(3) each defendant was negligent in failing to equip the vehicle in question with a seat belt;

(4) each defendant was negligent in failing to adequately design and test a safer alternative; and

(5) each defendant was negligent in failing to warn of the increased risk of harm posed by the vehicle.

On December 17, 1990, the trial judge announced in open court that defendants' motion was granted. Thereafter, on January 8, 1991, the trial judge signed an order granting defendants'/appellees' motion for partial summary judgment. On January 30, 1991, the appellants filed their motion for nonsuit. The trial court entered the order granting the nonsuit the same day and dismissed the cause "without prejudice to Plaintiffs' refiling." On February 25, 1991, appellees filed a motion to modify the order granting the nonsuit, and after a hearing, the court modified its previous nonsuit order to provide that "the claims adjudicated in the summary judgment are dismissed with prejudice to refiling." Appellants bring forth five points of error contending the trial court erred in

modifying the nonsuit order and in granting the partial summary judgment.

In point of error one, appellants claim the trial court erred in modifying the nonsuit order to state "with prejudice." Appellants maintain that the plaintiffs' right to take a nonsuit is absolute and unqualified as long as the defendant has not made a claim for affirmative relief. Appellants acknowledge that a plaintiff no longer has the right to take a nonsuit after a final summary judgment has been entered, and that a nonsuit may no longer be taken as to a particular party when the summary judgment completely disposes of that party. However, appellants argue that they had a right to take a nonsuit in this case because the partial summary judgment was interlocutory in nature, and the voluntary nonsuit effectively erased all interlocutory orders. Appellants also maintain that the trial court lacked jurisdiction to modify the nonsuit order because once a nonsuit is taken, the trial court loses jurisdiction of the entire case except to render an order of dismissal without prejudice.

Hyundai responds that the plaintiff has a right to a nonsuit only if the motion is timely.[2] Hyundai maintains that the nonsuit was untimely as to the issues adjudicated by the summary judgment because the nonsuit came after the motion for summary judgment motion had been filed and granted. Therefore, the trial court was correct in granting the untimely nonsuit motion with prejudice. Hyundai agrees that a partial summary judgment is an interlocutory order, but it is interlocutory only for appeal purposes. Hyundai contends that unless the trial court sets the summary judgment aside or the judgment is reversed on appeal, no further action on the issues determined by the partial summary judgment can be taken. Hyundai maintains that to allow a nonsuit after the rendition of a partial summary judgment would render Rule 166a(e) meaningless unless the successful movant secured a severance.

---

2. In its amended motion for rehearing, Hyundai states that it "has never disputed that plaintiffs had the 'right' to take a nonsuit." Hyundai contends the appellants' nonsuit was untimely and should be "with prejudice."

■ The rule concerning voluntary dismissal or nonsuit is now contained in rule 162 of the Texas Rules of Civil Procedure.[3] The rule provides:

> At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes. Notice of the dismissal or non-suit shall be served in accordance with Rule 21a on any party who has answered or has been served with process without necessity of court order.
>
> Any dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief or excuse the payment of all costs taxed by the clerk. A dismissal under this rule shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal, as determined by the court.

TEX.R.CIV.P. 162. The rule is designed to allow a plaintiff to avoid unexpected emergencies. 5 ROY W. MCDONALD, TEXAS CIVIL PRACTICE § 27:39 (John S. Covell ed., 1992). The importance of the right to nonsuit was discussed by our supreme court in *Hoodless v. Winter*, 80 Tex. 638, 16 S.W. 427 (1891), as follows:

> The right of a plaintiff to take a nonsuit upon his own cause of action was considered of sufficient importance by the legislature to be given express recognition. Owing to unexpected contingencies that may occur during a trial, it is a privilege which it may become necessary for the most careful and diligent litigant to exercise, and it is important that the substance, and not the shadow alone, of the right shall be preserved.

*Id.* 16 S.W. at 428. The current supreme court has recently reconfirmed the importance of the rule by stating that the plaintiff's right to a nonsuit is "important and firmly rooted in the jurisprudence of our state," and rule 162 is to be liberally construed in favor of that right. *Aetna Casualty & Sur. Co. v. Specia*, 849 S.W.2d 805, 806 (Tex.1993, orig. proceeding). The plaintiff's right to take a nonsuit, at any time before he has introduced all of his evidence other than rebuttal evidence, has been described as unqualified and absolute unless the defendant has filed pleadings seeking affirmative relief prior to the filing of the nonsuit. *BHP Petroleum Co., Inc. v. Millard*, 800 S.W.2d 838, 840 (Tex. 1990, orig. proceeding); *Greenberg v. Brookshire*, 640 S.W.2d 870, 872 (Tex.1982); *KT Bolt Mfg. Co. v. Texas Electric Coops., Inc.*, 837 S.W.2d 273, 275 (Tex.App.—Beaumont 1992, writ denied). In the case before us, Hyundai had not filed any pleadings seeking affirmative relief prior to the appellants' filing of the nonsuit. Hyundai did file and had been granted a partial summary judgment.

In the context of summary judgment proceedings, courts have held that the plaintiff has a right to a nonsuit at any time prior to the announcement by the trial court of its decision to grant the summary judgment. *Taliaferro v. Smith*, 804 S.W.2d 548, 550 (Tex.App.—Houston [14th Dist.] 1991, no writ); *Extended Servs. Program, Inc. v. First Extended Serv. Corp.*, 601 S.W.2d 469,

---

**3.** The original rule concerning nonsuits was as follows:

> At any time before the jury has retired, the plaintiff may take a non-suit, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief. When the case is tried by the judge, such nonsuit may be taken at any time before the decision is announced.

In 1975, rule 164 was amended to read as follows:

> Upon the trial of any case at any time before plaintiff has rested his case, i.e., has introduced all of his evidence other than rebuttal evidence, the plaintiff may take a non-suit, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief.

In 1984, the rule regarding nonsuits was found at rule 162 and read as follows:

> The plaintiff may dismiss a case upon filing a notice of dismissal, which shall be entered in the minutes. A copy of the notice shall be served in accordance with Rule 21a on any party who has answered or has been served with process.

In 1988, rule 162 was again amended. The purpose of the amendment was "to fix a definite time after which a party may not voluntarily dismiss or non-suit the cause of action. In addition, these amendments will not disturb any pending motions for sanctions or attorney's fees that were filed before the motion for non-suit or dismissal." TEX.R.CIV.P.ANN. 162 cmt. (Vernon Supp.1993).

471 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.); *Collins v. Waldo*, 291 S.W.2d 360, 362 (Tex.Civ.App.—Eastland 1956, no writ). This "judicial announcement" rule was contained in the original version of rule 164 which set different deadlines for taking a nonsuit based on whether a jury or bench trial was held. The rule allowed a nonsuit at any time before the jury retired or at any time before the decision was announced when the case was tried to the judge. *Smith v. Columbian Carbon Co.*, 145 Tex. 478, 198 S.W.2d 727 (1947). Although rule 162 no longer contains the judicial pronouncement language, it is still being applied in the context of summary judgment proceedings. *See Taliaferro*, 804 S.W.2d at 550 (in summary judgment proceeding plaintiff may take nonsuit any time prior to court rendering judgment). Hyundai contends that the judicial pronouncement rule should apply to its partial summary judgment because summary judgment practice does not fit within the parameters of rule 162. In support of its assertion, Hyundai argues that the analysis applied by the court in *Extended Servs. Program, Inc. v. First Extended Serv. Corp.*, 601 S.W.2d 469 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.), is the correct one.

In *Extended Servs. Program*, the plaintiff filed a motion for nonsuit five days after the hearing on the motion for summary judgment was held but before the summary judgment was granted. *Id.* at 470. The trial court denied the nonsuit motion and later entered a partial summary judgment in favor of the defendant. The defendant took a nonsuit as to its counterclaim, and the summary judgment became final. On appeal, the defendant contended that the summary judgment proceeding was a trial for the purposes of rule 164 and the nonsuit was properly denied. *Id.* at 471. The court disagreed with defendant's proposition because rule 164 gave the plaintiff the right to take a nonsuit until the time he had rested his case. Thus, the court concluded, rule 164 applied only to a trial on the merits and was not capable of being applied to summary judgment proceedings. Another reason given by the court for its conclusion was that the rule referred to rebuttal evidence which has no place in the summary judgment proceeding. *Id.* The

court held that rule 164 granted the plaintiff "the right to take a nonsuit during the pendency of the trial judge's ruling on a motion for summary judgment, and that rule 164 does not apply to summary judgment proceedings." *Id.* Contra *Mainland Sav. Ass'n v. Wilson*, 545 S.W.2d 491, 493 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ ref'd n.r.e.) (summary judgment has been treated and considered as a trial); *Collins v. Waldo*, 291 S.W.2d 360 (Tex.Civ.App.—Eastland 1956, no writ) (summary judgment proceeding considered a trial for purposes of applying nonsuit rule).

In the context of partial summary judgments, we have found only two cases concerning a partial summary judgment followed by a nonsuit as to the entire cause of action. *Homeright Co. v. Exchange Warehouses, Inc.*, 526 S.W.2d 241 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r.e.); *Collins v. Waldo*, 291 S.W.2d 360 (Tex.Civ.App.—Eastland 1956, no writ). In *Collins*, the plaintiff filed suit against three defendants. Two of the defendants, R.R. and Robert Waldo, filed a motion for summary judgment. After the hearing on the motion, the court sent a letter to both sides announcing that the defendants' motion for summary judgment would be granted. *Id.* at 361. Thereafter, the plaintiff filed a motion for permission to take a nonsuit without prejudice as to all defendants. The court allowed the nonsuit without prejudice as to the third defendant but denied nonsuit without prejudice as to the Waldos. On appeal, the appellant argued that the rule required the nonsuit to be taken before the decision was announced which meant before the judgment was rendered. *Id.* at 362. The judgment had not been entered or announced in open court at the time plaintiff filed her motion for nonsuit. The appellant argued that the decision by the judge, via the mail, was not a rendition or entry of judgment, and she was not precluded from taking a nonsuit without prejudice. The court disagreed by stating that the rule provided for a nonsuit to be taken before the decision is announced. The court was of the opinion

that the decision had been announced before the plaintiff sought to take the nonsuit. *Id.*[4]

In *Homeright,* the defendant/appellee moved for a partial summary judgment which the court sustained, and the remaining issues were set for trial. *Homeright Co. v. Exchange Warehouses, Inc.,* 526 S.W.2d 241, 243 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r.e.). On the day trial was to begin, the plaintiff/appellant took a voluntary nonsuit without a final and appealable judgment being entered. Three days later, the appellant filed a new petition in another district court. The appellee was successful in transferring the case back to the original court and thereafter, filed a motion to dismiss with prejudice. *Id.* The court granted appellee's motion, and appellant appealed. The appellees argued that the doctrine of res judicata applied because the trial court granted its partial summary judgment limiting liability. However, the court noted that the partial summary judgment was interlocutory, and because the appellant nonsuited its cause of action in the first suit without a severance of the other issues between the parties, the partial summary judgement never became final and was nonappealable. *Id.* at 244.

■ In the case before us, we do not have a final summary judgment as to the entire case as the court had in *Extended Servs.* The partial summary judgment at issue here merely disposed of some of the issues as did the partial summary judgment in *Homeright.* Moreover, authority exists which holds that a voluntary nonsuit has the effect of "wiping out any interlocutory orders made in the case." *Ault v. Mulanax,* 724 S.W.2d 824, 828 (Tex.App.—Texarkana 1986, orig. proceeding). Relying on *Ault,* appellants suggest that a nonsuit may be used to nullify a partial or interlocutory summary judgment[5] rendered prior to the filing of a nonsuit

motion because the judgment is interlocutory. We agree.

In *Ault,* the trial court announced, after a hearing concerning the conservatorship of the children involved, that the husband would be the managing conservator. Following that ruling, the wife filed a motion for nonsuit pursuant to rule 164 of the Texas Rules of Civil Procedure. *Ault,* 724 S.W.2d at 827. The record was clear that both sides had rested on the issue of managing conservatorship but not as to all the other issues remaining in the case at the time the petitioner filed her motion for a nonsuit. Thus, the court held that it could not be construed as a time when "plaintiff had introduced all of his evidence other than rebuttal evidence" as provided by the rule, and the interlocutory order appointing the husband as managing conservator was wiped out by the voluntary nonsuit. *Id.* at 828.

■ Likewise in the instant case, the trial court rendered a partial or interlocutory summary judgment prior to the appellants' filing of their nonsuit motion. Although the issues determined by the partial summary judgment are considered final and will not be further litigated at trial, the partial summary judgment is interlocutory, not appealable, and contemplates the necessity for a conventional trial to be held as to some remaining issues or parties. *Martin v. First Republic Bank,* 799 S.W.2d 482, 488–89 (Tex.App.—Fort Worth 1990, writ denied); *Texas United Ins. Co. v. Burt Ford Enters., Inc.,* 703 S.W.2d 828, 832 (Tex.App.—Tyler 1986, no writ); *City of Houston v. Socony Mobil Oil Co.,* 421 S.W.2d 427, 430 (Tex.Civ.App.—Houston [1st Dist.] 1967, writ ref'd n.r.e.). We find, therefore, that the appellant's situation is analogous to that in *Ault.* We agree

4. *Contra Smith v. Columbian Carbon Co.,* 145 Tex. 478, 198 S.W.2d 727 (1947) (fact that counsel for plaintiff knew what court's decision would be when court convened did not cut off right to take non-suit as long as decision not announced in open court).

5. Rule 166a(b) provides that "[a] party against whom a claim ... is asserted ... may, at any time, move ... for a summary judgment in his favor as to all or any part thereof." Tex R.Civ.P.

166a(b). Although this procedure is commonly referred to as a partial summary judgment, the term is a misnomer because there is no "judgment." DAVID HITTNER, LYNNE LIBERATO, & BRUCE RAMAGE, SUMMARY JUDGMENTS AND DEFAULTS IN THE STATE COURT OF TEXAS 7 (Rutter Group 1992). Unless the court orders a severance, the remaining claims must still be tried before a judgment is entered. *Id.* at 8. A partial summary judgment does not terminate the action, as a summary judgment would, but is merely an interlocutory order.

that the court heard all the evidence as to the issues adjudicated by the partial summary judgment, but the nonsuit was taken at a time before the appellants had introduced "all of their evidence other than rebuttal evidence" [6] and before a judicial pronouncement had been made on the entire case. *See Verret v. Verret,* 570 S.W.2d 138, 140 (Tex. Civ.App.—Houston [1st Dist.] 1978, no writ) (party not entitled to dismiss or take nonsuit after rendition of final judgment). Furthermore, as in *Homeright,* the record does not indicate that the interlocutory summary judgment ever became final.

The record reflects that three days after the trial judge announced in open court that he would grant Hyundai's partial summary judgment motion, appellants filed a motion for leave to file their third amended petition. The trial judge signed the order granting the partial summary judgment on January 8, and ten days later, he denied appellants' motion for leave to file their third amended petition. Thereafter, the appellants filed their motion for nonsuit as to the entire case. Had the appellants moved to nonsuit only the remaining issues or had Hyundai obtained a severance, the partial summary judgment would have become final. *Chase Manhattan Bank, N.A. v. Lindsay,* 787 S.W.2d 51, 53 (Tex. 1990); *H.B. Zachry Co. v. Thibodeaux,* 364 S.W.2d 192, 193 (Tex.1963); *Krenek v. Texstar North America, Inc.,* 787 S.W.2d 566, 569 (Tex.App.—Corpus Christi 1990, writ denied). However, the record does not reflect that a severance of the issues was ever obtained.

■ The record does show that appellants were faced with very serious consequences because of the partial summary judgment and the denial for leave to file their amended petition. Often, in these types situations, the privilege of the nonsuit is important. For example, in *Molinar v. Plains Ins. Co.,* 660 S.W.2d 845 (Tex.App.—Amarillo 1983, no writ), the plaintiff voluntarily took a nonsuit upon the revelation that he had assigned to a nonlitigant the right of recovery upon which he had based his cause of action. *Id.* at 849. The nonsuit effected a termination of those matters without an adjudication of their merits and, as to them, returned the litigants to the positions they occupied before plaintiff invoked the court's jurisdiction. Thus, the court's rulings on the interlocutory matters, being dependent upon the vitality of the pleaded causes of action, were nullified by his nonsuit. Also, in *Orion Invs., Inc. v. Dunaway & Assocs., Inc.,* 760 S.W.2d 371, 373 (Tex.App.—Fort Worth 1988, writ denied), the court found that the plaintiff was not acting in bad faith because it exercised its well-established right to take a nonsuit to avoid deemed admissions.[7] The court noted that a "plaintiff can hardly be expected to take a non-suit when its case is progressing in a satisfactory manner towards judgment." *Id.* at 374. Moreover, a defendant cannot force a plaintiff to continue the litigation or force the plaintiff to continue the case against the plaintiff's own best interests. *Progressive Ins. Companies v. Hartman,* 788 S.W.2d 424, 426–27 (Tex.App.—Dallas 1990, orig. proceeding); *Ex parte Helle,* 477 S.W.2d 379, 384 (Tex.Civ.App.—Corpus Christi 1972, no writ); *see Aetna Casualty & Surety Co. v. Specia,* 849 S.W.2d 805, 807 (Tex.1993) (after nonsuit, sanction against plaintiff excluding witnesses for failure to timely supplement nullified); *Sawyer v. Millard,* 849 S.W.2d 808 (Tex.1993) (sanction against plaintiff for failure to timely designate expert witnesses under order granting motion to compel responses to interrogatories did not survive nonsuit).

■ The appellants in this case are seeking a nonsuit to avoid the effects of the

---

6. The instant case is unlike the situation in *O-Brien v. Stanzel,* 603 S.W.2d 826, 828 (Tex.1980), wherein the court found that the nonsuit may not be used to prevent a final judgment after an announcement of ready, the selection of a jury, and the evidence of all the witnesses heard in a week-long trial.

7. The issuance of a temporary injunction also does not prevent a plaintiff from taking a non-suit. *General Land Office v. Oxy U.S.A., Inc.,* 789 S.W.2d 569, 571 (Tex.1990). Once the injunction is granted and an appeal therefrom is perfected, the trial court loses jurisdiction over the injunction but not of the underlying case which is pending. Once the trial court grants the nonsuit, the temporary injunction ceases to exist, and the appeal becomes moot. *Id.*

interlocutory summary judgment. As previously discussed, the plaintiff's right to a nonsuit is absolute and unqualified upon timely motion as long as a claim for affirmative relief has not been made by the defendant. *Progressive Ins. Companies v. Hartman*, 788 S.W.2d 424, 426 (Tex.App.—Dallas 1990, orig. proceeding); *see* MICHOL O'CONNOR, O'CONNOR'S TEXAS RULES CIVIL TRIAL ch. 5 § 4 (1992) (if plaintiff has absolute right to nonsuit, defendant should not bother to object or file response). Hyundai made no claim for affirmative relief in this case. Rule 162 provides that "at any time before the plaintiff has introduced all of his evidence other than rebuttal, the plaintiff may ... take a nonsuit," and the rule is to be construed liberally in favor of that right. TEX. R.CIV.P. 162; *Progressive Ins.*, 788 S.W.2d at 426. Because only a partial summary judgment was granted, appellants had not introduced all of their evidence prior to taking the nonsuit. Even if rule 162 does not apply to summary judgments, there was no judicial pronouncement as to the entire case before the appellants filed their motion for nonsuit. *See Verret v. Verret*, 570 S.W.2d 138, 140 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ) (party not entitled to dismiss or take nonsuit after rendition of final judgment); *Corder v. Corder*, 189 S.W.2d 100, 102 (Tex. Civ.App.—El Paso 1945, writ ref'd) ("before decision is announced" means before judgment rendered; plaintiff had right to nonsuit before judge could finish sentence to announce judgment on entire case); *Texarkana Bus Co., Inc. v. Moton*, 147 S.W.2d 517, 518 (Tex.Civ.App.—Eastland 1941, no writ) (plaintiff could not take nonsuit after whole

suit determined against plaintiff). Therefore, under either analysis, the motion was timely.

■■■■ Upon timely motion, the nonsuit is effective at the moment it is filed and effects an immediate dismissal of the entire lawsuit. *Merrill Lynch Relocation Management, Inc. v. Powell*, 824 S.W.2d 804, 806 (Tex.App.— Houston [14th Dist.] 1992, orig. proceeding). Consequently, the trial judge merely performs a ministerial act in granting the nonsuit.[8] *Shadowbrook Apartments v. Abu–Ahmad*, 783 S.W.2d 210, 211 (Tex.1990); *Greenberg v. Brookshire*, 640 S.W.2d 870, 872 (Tex. 1982). The taking of a nonsuit does not prejudice the parties from seeking the same relief in a subsequent suit. *Ashpole v. Millard*, 778 S.W.2d 169, 171 (Tex.App.—Houston [1st Dist.] 1989, orig. proceeding); *see Aetna Casualty & Surety Co. v. Specia*, 849 S.W.2d 805, 806 (Tex.1993) (subject to certain conditions, plaintiff taking nonsuit not precluded from filing subsequent suit seeking same relief); *O'Brien v. Stanzel*, 603 S.W.2d 826, 828 (right to nonsuit without prejudice to refiling absolute when motion timely). The nonsuit or dismissal is not an adjudication of the rights of the parties but merely places them in the position they were in as if suit had never been filed. *Crofts v. Court of Civil Appeals*, 362 S.W.2d 101, 103 (Tex. 1962); *Ashpole v. Millard*, 778 S.W.2d 169, 171 (Tex.App.—Houston [1st Dist.] 1989, orig. proceeding). Moreover, once the case is dismissed voluntarily, no further action may be had in that case,[9] and any further action must be taken by instituting a suit de novo unless the trial court grants a motion to reinstate.[10] *Id.; see Missouri Pacific R.R.*

---

8. A ministerial act is defined as "[o]ne which a person or board performs in a given state of facts in a prescribed manner in obedience to the mandate of legal authority without regard to or the exercise of his or their own judgment upon the propriety of the act being done." BLACK'S LAW DICTIONARY 899 (5th ed. 1979).

9. We recognize that the court may have authority to amend the nonsuit order if the defendant has asserted a claim for affirmative relief prior to the nonsuit. *State v. Approximately $2,000,000.00 in United States Currency*, 822 S.W.2d 721, 726–27 (Tex.App.—Houston [1st Dist.] 1991, no writ).

10. An application by the plaintiff to reinstate the cause of action which has been voluntarily nonsuited is directed to the sound discretion of the trial court. *McClendon v. State Farm Mut. Automobile Ins. Co.*, 796 S.W.2d 229, 233 (Tex.App.— El Paso 1990, writ denied). If reinstatement is granted, the case is returned to the docket as if it had not been dismissed. A refusal to reinstate the case is proper and not an abuse of discretion when the application fails to show that the plaintiff "was coerced by an erroneous ruling of the court, or was misled by the court, or was improvident in the light of newly discovered evidence (which is made known to the court), or that there is other substantial good cause to set aside the dismissal." 5 ROY MCDONALD, TEXAS CIVIL PRACTICE § 27:42 (John S. H, ed. 1992).

*Co. v. Whitaker,* 815 S.W.2d 348, 349 n. 2 (Tex.App.—Tyler 1991, orig. proceeding) (trial court retains plenary power to entertain motion for reinstatement following nonsuit).

 Accordingly, we hold the appellants' motion for nonsuit was timely. As required by rule 162, the appellants filed their motion prior to the time that they had introduced all of their evidence other than rebuttal evidence and before a judicial pronouncement had been made on the entire case. Upon a timely motion for nonsuit, the appellants' right thereto is absolute and unqualified, and the trial court has no discretion to dismiss a part of the suit with prejudice. Therefore, the dismissal in this case should have been without prejudice. Having so held, we need not address the remaining points of error. The judgment of the trial court is reversed and rendered.

PEEPLES, Justice, dissenting, on Denial of Appellee's Motion for Rehearing En Banc.

The panel opinion completely undermines rule 166a's authorization of partial summary judgments by holding that even after a partial summary judgment as to some claims the plaintiff may take a nonsuit without prejudice and refile the entire case. Rule 162 was not meant to be used in this way, as its opening sentence shows: *"At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence,* the plaintiff may dismiss a case, or take a non-suit...."* Tex.R.Civ.P. 162. The notion of the plaintiff "introducing all his evidence" except rebuttal evidence is utterly foreign to summary judgment hearings, in which the nonmovant plaintiff has no burden to present evidence at all unless the movant defendant has disproved an element as a matter of law. There should be no right to nonsuit *without prejudice* after a partial summary judgment.

The plaintiff had no *right* to take the nonsuit after the court granted the summary judgment; the court therefore had plenary jurisdiction to set aside the nonsuit order and modify it to dismiss the case with prejudice.

I respectfully dissent from the court's failure to grant en banc rehearing.