Ronald W. TALIAFERRO, Appellant,

v.

A. Dalton SMITH, Jr., Park Club, Inc., DSI Construction, Inc. and Park Club Ltd., Appellees.

No. B14–90–344–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 10, 1991.

Leon S. Hirsch, W. Briscoe Swan, Houston, for appellant.

Maurice L. Bresenhan, Jr., Houston, for appellees.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a summary judgment granted in favor of appellees, A. Dalton Smith, Jr., Park Club, Inc., DSI Construction, Inc., and Park Club Ltd. In one point of error, appellant claims the trial court erred in refusing to grant his nonsuit and in granting appellees' motion for summary judgment. We reverse and remand.

Appellant sued appellees for breach of a partnership agreement, fraud, and conversion. Appellant filed a notice of lis pen-dens for certain real property allegedly owned by the partnership and in which he claimed an interest. Appellees filed a motion to cancel the lis pendens and, subsequently, filed a motion for summary judgment. Appellant did not file a response to the motion for summary judgment. The hearing on the motion for summary judgment was scheduled for 9:00 a.m. on January 8, 1990. On January 5, 1990, appellant filed a notice of nonsuit, and on January 8, 1990, at 8:45 a.m., appellant filed a motion for nonsuit. However, the trial judge ignored the nonsuit, went forward with the hearing on appellees' motion for summary judgment, and granted the summary judgment.

Appellant claims the trial court erred in ignoring his motion for nonsuit. We agree. Regarding dismissals and nonsuits, the Texas Rules of Civil Procedure provide:

At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes. Notice of the dismissal or non-suit shall be served in accordance with Rule 21a on any party who has answered or has been served with process without necessity of court order.

Any dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief. . . .

Tex.R.Civ.P. 162.

Therefore, we must determine whether a plaintiff is precluded from taking a nonsuit after the time to respond to the motion for summary judgment has expired but before the hearing on the motion for summary judgment. We think not.

The granting of a nonsuit is merely a ministerial act. *Greenberg v. Brookshire*, 640 S.W.2d 870, 872 (Tex.1982). "The plaintiff's right to take a nonsuit is *unqualified and absolute* as long as the defendant has not made a claim for affirmative relief." *BHP Petroleum Company, Inc. v. Millard*, 800 S.W.2d 838, 840 (Tex. 1990).

At least one Texas court has held that Rule 164, the predecessor of Rule 162, did not apply to summary judgment proceedings and that a plaintiff could take a nonsuit during the pendency of the trial judge's ruling on the motion for summary judgment. *See Extended Services Program, Inc. v. First Extended Service Corp.*, 601 S.W.2d 469, 471 (Tex.Civ.App.— Dallas 1980, writ refused, n.r.e.). Also, another Texas court has held that a plaintiff could take a nonsuit under Rule 164 anytime prior to the time of the hearing or submission of the motion for summary judgment. *See Mainland Savings Ass'n v. Wilson*, 545 S.W.2d 491, 493 (Tex.Civ.App. —Houston [1st Dist.] 1976, no writ). The *Mainland Savings* court noted that the filing by either party of a motion for summary judgment does not of itself constitute submission of the motion for the court's determination because the moving party may elect to later withdraw the motion. *Id.*

Accordingly, we hold that in the context of a summary judgment proceeding, a plaintiff may take a nonsuit at any time prior to the time the court renders judgment.

Appellees also contend that appellant is prohibited from taking a nonsuit because their motion to cancel lis pendens was a claim for affirmative relief. We disagree.

■ To qualify as a claim for affirmative relief, a defensive pleading must allege that the defendant has a cause of action which is independent of the plaintiff's claim and on which he could recover benefits, compensation or relief, even though the plaintiff may abandon his action or fail to establish it. *BHP Petroleum Company, Inc.*, 800 S.W.2d at 840.

■ We fail to see how a motion to cancel a lis pendens qualifies as a claim for affirmative relief. The purpose of a lis pendens is to provide notice of the pendency of an action involving real estate. *Kropp v. Prather*, 526 S.W.2d 283, 287 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r.e.). A lis pendens has no existence separate and apart from the litigation of which it gives notice. *Id.*

Moreover, appellees' right to have the lis pendens lifted would not be prejudiced in any way by the granting of the nonsuit. Appellees would not have lost their right to have the lis pendens removed if the trial judge had granted the nonsuit. We hold that a motion to cancel lis pendens is not a claim for affirmative relief which would prevent a plaintiff from taking a nonsuit. Accordingly, we sustain appellant's sole point of error, reverse the summary judgment granted in favor of appellees, and render judgment that appellant's cause of action against appellees be dismissed without prejudice.