Affirmed and Memorandum Opinion filed August 24, 2006








Affirmed and Memorandum Opinion filed August 24, 2006

 

                                                                                                                                                            

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01057-CV

____________

 

BRYCE GRAFTON HAWK, Appellant

 

V.

 

ESTATE OF THELMA HAWK (DECEASED)
AND WILLIAM F. HAWK, INDIVIDUALLY AND AS INDEPENDENT EXECUTOR OF THE ESTATE OF
THELMA HAWK (DECEASED), Appellee

 



 

On Appeal from the 239th
District Court

Brazoria County, Texas

Trial Court Cause No. 23402

 



 

M E M O R A N D U M   O P I N I O N








This case involves a family dispute arising out of the
settlement of an estate.  Bryce Grafton Hawk (ABryce@) sued the
executor of his grandmother=s estate in an action for trespass to try
title and to remove cloud of title from a tract of land.  In that action, Bryce
also alleged that the executor of the estate, William Hawk (AWilliam@), breached his
fiduciary duties and committed fraud by conspiring to wrest control of the land
from the rightful heirs of the estate and failing to include some of the estate=s property in the
probate inventory.  We affirm.

I.  Factual
and Procedural Background

Bryce=s grandmother, Thelma Hawk (AThelma@) died and was
survived by four children, William, Jon, Grace, and Linda.  Thelma=s will left one
quarter of her estate to William; one quarter to Jon, Bryce=s father; one
quarter to Grace; and one quarter to Linda=s children.  As
the executor of her estate, William admitted Thelma=s will to probate
in 1999.  In 2000, the heirs to Thelma=s estate entered a
Full and Final Settlement and Release Agreement, agreeing to the distribution
of her estate.  Under the terms of the Settlement Agreement, Jon received a
6.655-acre tract of land (Athe Property@) and agreed to
pay $142,559.07 to Thelma=s estate, secured by a second lien on the
Property.  Jon and Thelma=s other heirs also agreed Ato execute any and
all documents reasonably necessary to effectuate the terms@ of the Settlement
Agreement.  The  Settlement Agreement was confirmed by court order on June 19,
2000.  

After the mediation and settlement, but before the note and
deed of trust required by the Settlement Agreement were executed, Jon died on
July 15, 2000.  Jon=s sister, Linda, submitted Jon=s will to the Fort
Bend County probate court and received letters testamentary.  As the executor
of Jon=s estate, Linda
executed a promissory note in the amount of $142,559.07 payable to William as
executor of Thelma=s estate.  In her capacity as executor,
Linda also gave a deed of trust against the Property to Garth E. Wood (AWood@), trustee, to
secure the payment of the note.  Subsequently, the land was foreclosed upon and
conveyed by trustee=s deed to William, as executor of Thelma=s estate.  At all
relevant times, William and Linda were represented by separate attorneys. 








Bryce filed suit against Thelma=s estate and
against William, in his capacity as the executor of the estate and in his
individual capacity, alleging that Thelma had bequeathed the Property to Jon
and that title to the Property became vested in Bryce upon Jon=s death.  Bryce
further alleged that Jon=s will was a forgery, and that Linda and
William maliciously conspired to create a fictitious note and deed of trust in
order to deprive Bryce of the Property. William moved for traditional summary
judgment on the grounds that: (1) there was no evidence to raise a genuine
issue of material fact regarding Bryce=s claims against
him; (2) the note and deed of trust were executed as the result of the
Settlement Agreement and confirmed by court order; (3) there was no evidence of
collaboration between William and Linda;[1]
and (4) Bryce had no grounds to overturn the foreclosure, and therefore,
no cause of action.  In his prayer for relief, William asked that Bryce take
nothing by his suit, and that the lis pendens on the Property be cancelled. 
The motion was supported by the following evidence:

A.      A certified copy of Thelma=s will, dated August 5, 1996,
naming William as the executor of the estate, and accompanied by a self-proving
affidavit;

B.      A certified copy of the November 22, 1999
court order admitting Thelma=s will to probate and ordering letters testamentary to issue to
William; 

C.      The Mediation Agreement;

D.      A certified copy of the Settlement Agreement
among the heirs to Thelma=s estate, signed by each of the
heirs to the estate and by the trial court on June 19, 2000;

E.      A certified copy of the June 19, 2000 court
order approving the Settlement Agreement;

F.       A certified copy of the August 21, 2000 court
order admitting Jon=s will to probate and ordering the
issuance of letters testamentary to Linda;

G.      Letters testamentary issued to Linda as
independent executrix of Jon=s estate on August 21, 2000;








H.      The Real Estate Lien Note, dated August 28,
2000, in the amount of $142,559.07, executed by Linda as independent executrix
of Jon=s estate and  payable to William as
independent executor of Thelma=s estate, and secured by a deed of trust to Wood as trustee;

I.        The Deed of Trust, dated August 28, 2000,
executed by Linda, as independent executrix of Jon=s estate, conveying the Property to
Wood as trustee to secure payment of the Note;

J.       The Notice of Trustee=s Sale, dated March 9, 2001, noting
that the payment of $142,559.07 was in default, and the Property would be sold
on April 3, 2001;

K.      Correspondence from Wood to Linda, dated
March 9, 2001, notifying Linda of the forthcoming foreclosure sale;

L.       The Trustee=s Deed, dated April 3, 2001, conveying the Property
to William as independent executor of Thelma=s estate for the amount of $151,433.47; and

M.      William=s Affidavit, dated
March 11, 2005.

After William filed his motion for summary judgment, Bryce
amended his petition to assert claims that William breached his fiduciary
duties as the executor of Thelma=s estate by
omitting a 2.954-acre tract of land and $400,000.00 of capital stock in Hawk
Farms, Inc. from the estate=s probate inventory.  Bryce also asserted
that he and his brother were entitled to an undivided quarter interest in the
land and stock omitted from the probate inventory of Thelma=s estate because
Thelma had bequeathed an undivided quarter share in all her property to Bryce=s father, Jon. 
Bryce also revised his original claim that title to the Property vested in him
at Jon=s death to allege
instead that the Property passed to both Bryce and his  brother.[2]









In response to the summary judgment motion, Bryce objected
to the exhibits offered in support of William=s motion on the
grounds that they were unauthenticated hearsay, and that William=s affidavit was
conclusory and did not swear to any of the facts contained in the summary
judgment motion.  Bryce submitted no evidence in response to William=s motion for
summary judgment, but subject to his objections, argued that Athe affidavit
attached as Exhibit >A= to [William=s] motion, and the
exhibits attached thereto, show that the requested summary judgment should not
be granted@ for two reasons.[3] 
Bryce first argued that, although William prayed that Bryce take nothing by his
suit, William Adid not submit any summary judgment evidence that
supports the relief prayed for.@ Bryce next argued that summary judgment
should not be granted because William did not plead any grounds for removal of
the lis pendens and did not follow the statutory procedure for cancelling it. 
He concluded his response by asking the trial court to take judicial notice of
his amended petition. The trial court overruled Bryce=s objections,
granted summary judgment in William=s favor, and
cancelled the lis pendens. 

II.  Issues Presented

In two issues, Bryce argues the trial court erred in
granting William=s motion for summary judgment because
(1) the motion was used to circumvent special exceptions practice;
(2) William did not submit any summary judgment evidence of a defense to
Bryce=s claims;
(3) there are disputed fact issues regarding whether William breached his
fiduciary obligations; (4) the trial court failed to take judicial notice
of Bryce=s first amended
petition as requested; and (5) William=s affidavit is
defective.  Bryce argues the trial court also erred in cancelling the lis
pendens on the Property because William did not plead grounds and follow the
statutory procedure for its removal.

III.  Standard of
Review








We examine the summary judgment evidence applying familiar
standards of review. Helmerich v. Payne Int=l Drilling Co. v.
Swift Energy Co., 180 S.W.3d 635, 638 (Tex. App.CHouston [14th Dist.] 2005, pet. denied).  The movant must
establish his right to summary judgment by conclusively proving all elements of
his cause of action or defense as a matter of law. See Tex. R. Civ. P. 166a(c); see also
Havlen v. McDougall, 22 S.W.3d 343, 345 (Tex. 2000).  When reviewing a
summary judgment, we take as true all evidence favorable to the nonmovant, and
we indulge every reasonable inference and resolve any doubts in the nonmovant=s favor.  Joe
v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 157 (Tex. 2004).  Under
Texas Rule of Civil Procedure 166a(c), the movant bears the burden to show that
no genuine issue of material fact exists and that he is entitled to judgment as
a matter of law.  Id.; see Tex.
R. Civ. P. 166a(c).   We will affirm the summary judgment if any of the
theories presented to the trial court are meritorious.  Joe, 145 S.W.3d
at 157.

IV.  Analysis

A.      Grant of
Summary Judgment

1.       Circumvention
of Special Exceptions Practice

Bryce first argues the trial court erred in granting
William=s motion for
summary judgment because the motion was used to circumvent special exceptions
practice.  Bryce is correct that the question of whether pleadings fail to
state a cause of action is not one that may be resolved by summary judgment.  Tex.
Dep=t of Corr. v. Herring, 513 S.W.2d 6, 10
(Tex. 1974).  A defendant must instead challenge the plaintiff=s pleadings
through special exceptions. Id.  However, a plaintiff waives the
objection that the motion for summary judgment improperly circumvents special
exceptions practice if he does not raise this objection in the trial court.  Vawter
v. Garvey, 786 S.W.2d 263, 264 (Tex. 1990); Tex. R. App. P. 33.1(a)(1)(A).

Here, the record does not show that Bryce objected to the
summary judgment motion on this basis in the trial court; therefore, the
argument is waived.  See Tex. R.
App. P. 33.1(a).








2.       Absence of Summary Judgment Evidence

Next, Bryce contends William failed to submit summary
judgment evidence of a defense to Bryce=s claims.
According to Bryce, the documents William submitted in support of his motion
for summary judgment Aare not pertinent to the issues involved
in [this] lawsuit, since those documents pertain to the initial settlement of
[Thelma=s estate] and this
lawsuit concerns William=s actions after Jon=s death.@  We disagree. 
The documents trace the ownership and control of the property in dispute, and
are essential to Bryce=s claims and William=s defenses. 

Bryce also insists he A[does] not claim
that [William] breached his fiduciary duty to [Jon=s estate],@ but instead
argues that William Abreached his  fiduciary duty to the Estate
of Thelma Hawk and the heirs of that Estate.@  This argument is
inapplicable here because the evidence demonstrates that Bryce is not an heir
of Thelma=s estate.  Thelma=s heirs are
William, Jon, Grace, and the children of Thelma=s daughter,
Linda.  As previously noted, William submitted ample evidence that the heirs to
Thelma=s estate agreed to
the disposition of her assets, and that their Settlement Agreement was
confirmed by court order.  The evidence further establishes that the Settlement
Agreement required the execution of the note and deed of trust concerning the
Property.  Finally, the uncontroverted evidence demonstrates the propriety of
the foreclosure sale and William=s purchase of the
Property as the executor of Thelma=s estate.  Thus,
we hold the evidence is sufficient to sustain the summary judgment.

3.       Breach of
Fiduciary Duty








Bryce argues for the first time on appeal that there are
disputed fact issues regarding whether William Abreached his
fiduciary obligations by conspiring to wrest legal title to the 6.655-acre
tract of land from [Jon=s estate], thereby depriving [Bryce] of
his rightful inheritance.@  Because Bryce failed to raise this
argument in response to the motion for summary judgment, it is waived.   See
Tex. R. App. P. 33.1; see
also Wortham v. Dow Chem. Co., 179 S.W.3d 189, 196 (Tex. App.CHouston [14th Dist.] 2005, no pet.)
(holding that appellant=s failure to plead or otherwise raise an
issue in the trial court barred the appellate court from considering that issue
as a ground for reversal).  We further note that Bryce produced no evidence
raising genuine issues of material fact regarding William=s fiduciary
obligations or Bryce=s right to inherit the Property.  Although
Bryce contends he is Thelma=s grandson and Jon=s son, the
evidence demonstrates both Thelma and Jon left testamentary wills, and Bryce
cited no evidence, at trial or on appeal, that either Thelma or Jon named Bryce
as an heir.

4.       Failure
to Take Judicial Notice of Bryce=s Amended Petition

Bryce=s argument on this issue consists of the
single sentence, AApparently the trial court failed to
consider plaintiff=s first amended petition, even though
requested to take judicial notice thereof.@  This sentence is
followed by a citation to Sosa v. Cent. Power & Light, 909 S.W.2d
893, 895 (Tex. 1995), in which the court held that an amended petition filed
seven days before a hearing on summary judgment is timely.  Bryce presents no
argument and cites no authority for the proposition that his timely filing of
an amended petition prohibited summary judgment.  Moreover, he does not contend
that any issues raised by the amended petition were not addressed by the motion
for summary judgment.  See Wortham, 179 S.W.3d at 202 (holding that a
motion for summary judgment can be sufficiently broad to cover additional
causes of action pleaded after the motion was filed).[4] 
       Because of the absence of briefing on this issue, we hold that this
argument is waived.  See Tex. R.
App. P. 38.1(h). 








5.       Defective Affidavit

Finally, Bryce argues the trial court erred in granting the
motion for summary judgment supported by William=s affidavit
because (1) the affidavit is conclusory; (2) William is a party and an
interested witness; and (3) William swears to the facts stated in the
affidavit but does not swear to the facts stated in the motion for summary
judgment. 

We conclude the affidavit is not conclusory, but states the
relevant fact that William and Linda were represented by different attorneys. 
Although William=s statement that A[i]t was necessary
to foreclose on the [P]roperty secured by the deed of trust because it was my
obligation to so act on behalf of [Thelma=s estate]@ might be
considered a legal conclusion, the statement is supported by Thelma=s will, the
Settlement Agreement, the court order confirming the Settlement Agreement, the
note and deed of trust regarding the Property, and the notice of the trustee=s sale.  








Additionally, summary judgment may be based on
uncontroverted testimonial evidence of an interested witness if the evidence is
clear, positive and direct, otherwise credible and free from contradictions and
inconsistencies, and could have been readily controverted.  Tex. R. Civ. P. 166a(c).  William=s affidavit,
supported as it is by copious documentary evidence, satisfies this test.  The
trial court was also permitted to consider William=s statement, AI in no way have
ever been in collusion with Linda Marie Hawk in any aspect of this matter.@  See Rhima v.
White, 829 S.W.2d 909, 911 (Tex. App.CFort Worth 1992,
writ denied) (explaining that the affidavit of an interested witness or party
seeking to defeat a conspiracy cause of action via summary judgment is not,
without more, competent summary judgment evidence because such facts are not
readily controvertible; however, if there is other summary judgment evidence in
the record supporting and corroborating the affiant=s testimony, the
rule regarding affidavits of interested witnesses does not apply); Maxey v. Irish,
457 S.W.2d 87, 90 (Tex. Civ. App.CEastland 1970,
writ denied) (holding uncontroverted affidavits of bank directors attesting
they had nothing to do with an alleged unlawful conspiracy sufficient to
support summary judgment).    Moreover, by failing to raise this objection in
the trial court, Bryce waived the argument.  See Tex. R. App. P. 33.1(a)(1).

Finally, Bryce offers no authority in support of the
argument that the affidavit is defective because it swears to facts stated in
the affidavit rather than to facts stated in the motion for summary judgment. 
An affidavit is a statement in writing of a fact or facts signed by the party
making it, sworn to before an officer authorized to administer oaths, and
officially certified by the officer under his seal of office.  Tex. Gov=t Code Ann. ' 312.011(1)
(Vernon 2005).  William=s affidavit satisfies this definition, and
is not defective simply because the facts attested to are contained within the
four corners of the affidavit rather than in a separate document.  We conclude
the trial court did not abuse its discretion in admitting William=s affidavit.

B.      Cancellation of Lis Pendens

In his second issue, Bryce contends the trial court erred
by canceling the lis pendens notice on the Property because William did not
plead grounds or follow the statutory procedure for removing the lis pendens.  See
Tex. Prop. Code Ann. ' 12.008 (Vernon
2004).  The purpose of a lis pendens is to provide notice of the pendency of an
action involving real estate.  Taliaferro v. Smith, 804 S.W.2d 548, 550
(Tex. App.CHouston [14th Dist.] 1991, no writ).  A lis pendens
has no existence separate and apart from the litigation of which it gives
notice.  Id.  When a final judgment is had on the merits of a suit or
action involving the title of real estate or in a suit which seeks to establish
any interest or right therein, a lis pendens notice is no longer necessary.  R.I.O.
Sys., Inc. v. Union Carbide Corp., 780 S.W.2d 489, 493 (Tex. App.CCorpus Christi
1989, writ denied).  Having properly granted final summary judgment, the trial
court did not err in canceling the lis pendens.








V.  Conclusion

For
the foregoing reasons, we affirm the judgment of the trial court.                  

 

 

 

/s/      Eva M. Guzman

Justice

 

 

Judgment Affirmed and Memorandum Opinion
filed August 24, 2006.

Panel consists of Chief Justice Hedges and
Justices Yates and Guzman.









[1]  William=s
occasional use of the words Ano evidence@ do not transform his motion for traditional summary
judgment pursuant to Tex. R. Civ. P. 166a
to a  motion for no-evidence summary judgment pursuant to Tex. R. Civ. P. 166a(i); to the
contrary, although William states there was no evidence of collaboration, he
produced evidence of Anon-collaboration.@ 
Thus, we understand the motion to state there is no controverting evidence
of collaboration.  





[2]  Bryce=s
amended petition refers to his brother as a minor and an intervenor represented
by a next friend in this action.





[3]  These materials consist of Thelma=s will and its accompanying self-proving affidavit.





[4]  Here, the same arguments and evidence William
presented regarding Bryce=s claims to the 6.655-acre tract of land apply to
Bryce=s claims regarding the 2.954-acre tract of land and
the capital stock.