Affirmed and Memorandum Opinion filed February 24, 2009








Affirmed and Memorandum Opinion filed February 24, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00246-CV

_______________

 

ROBERT M. HYTKEN, Deceased, Appellant

 

V.

 

SCHAEFER FAMILY TRUST and FRANK G. SCHAEFER 

and NOELEEN J. SCHAEFER, Co-Trustees, Appellees

                                                                                                                   
                            

On Appeal from the 56th District Court

 Galveston County, Texas

Trial Court Cause No. 05CV0046

                                                                                                                           
                    

 

M E M O R A N D U M   O P I N I O N

In this
real estate dispute, Robert M. Hytken appeals a summary judgment in favor of
the Schaefer Family Trust and Frank G. Schaefer and Noeleen J. Schaefer,
Co-Trustees.  Hytken asserts that the trial court lacked jurisdiction over the
appellees= declaratory judgment action and contends that the trial court=s judgment does not conform to the
appellees= pleadings.  Because we conclude that appellees sought affirmative relief
beyond that of Hytken=s non-suited claims and the trial court=s judgment conforms to their pleadings,
we affirm.








I.  Factual and Procedural Background

This
dispute arises from an alleged oral agreement involving the development of two
tracts of land in Galveston County, Texas.  One of these tracts was originally
owned by Beach Development, L.P., which declared bankruptcy in 2003.  Beach
Development was the successor by conversion to Hytken=s Partnership, Inc.  The Schaefer
Family Trust (the ATrust@) purchased this tract of land through a sale approved by the
United States Bankruptcy Court for the Southern District of TexasBGalveston Division Afree and clear of liens and claims@ in August 2004.  The Trust purchased
the other tract from Galveston Land, LP in July 2004. 








In
January 2005, Robert M. Hytken[1] filed suit
against the Schaefer Family Trust, and Frank G. Schaefer and Noeleen J.
Schaefer, Co-Trustees (collectively, the ASchaefer defendants@) alleging breach of contract, promissory
estoppel, detrimental reliance, fraud, and economic duress arising from the
Schaefer defendants= purchase of the two tracts of land.[2] 
The Schaefer defendants filed a general denial and counterclaim.  In their
counterclaim, they sought declarations that (a) Hytken=s claims to the property were Avoid@; (b) the current owner of the
property owned it free and clear of Hytken=s claims; (c) and Hytken=s attempts to cloud the title to the
property were invalid.  They further asked the trial court to quiet title. 
Finally, they requested attorneys= fees and costs and Asuch other and further relief@ to which they showed themselves
entitled.  In November 2005, the trial court granted Hytken=s motion to non-suit his claims
against the Schaefer defendants without prejudice.   

In
January 2007, the Schaefer defendants filed a traditional motion for summary
judgment, seeking a declaratory judgment on their claims and attorneys= fees.[3] 
Hytken subsequently filed an out-of-time response to the Schaefer defendants= motion on February 16, 2007, along with
a motion for leave to file the response, but no order on this motion is
included in the record.  The trial court granted the Schaefer defendants= motion for summary judgment, and in
its final judgment, the trial court declared that:

$                  
Hytken holds no ownership interest
in the property at issue;

$                  
Hytken has never held any
ownership interest in the property at issue and was never involved in any
contract involving this land;

$                  
Hytken never entered into any
agreement with the Schaefer defendants forming a joint venture or partnership
relating to the property;

$                  
Hytken never entered into any
agreement entitling him to 50% of the property or profits derived from the
property; 

$                  
Hytken wrongfully asserted
ownership over the property;

$                  
Hytken holds no title to the
property and all claims made by him regarding this propertyhave been invalid
attempts to cloud title to the property;

$                  
Any deeds of trust or lis pendens
filed by or on behalf of Hytken as grantor or grantee of the propertyare null
and void;[4]








$                  
The Schaefer defendants own the
property free and clear of any claims asserted by Hytken; and

$                  
The Schaefer defendants are
entitled to attorneys= fees of $15,000 for services rendered in this case,
as well as an additional $25,000 in the event of an unsuccessful appeal by
Hytken to the court of appeals and another $25,000 in the event of an
unsuccessful appeal by Hytken to the Texas Supreme Court.[5]

Our record contains no
post-judgment motions.  This appeal timely ensued on March 14, 2007.       

II.  Issue Presented

In a
single issue, Hytken claims that the trial court erred by granting the Schaefer
defendants summary judgment because it (a) lacked subject matter jurisdiction
and (b) rendered judgment that did not conform to the pleadings.

III.  Analysis

A.        Jurisdiction

As a
preliminary matter, we must address Hytken=s jurisdictional argument.  Whether a
court has subject matter jurisdiction is a question of law we review de novo.  Tex.
Dep=t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). 
Hytken contends that because he non-suited his claims against the Schaefer
defendants, the trial court lacked jurisdiction over their counterclaims.  We
disagree.  








In this
case, the trial court dismissed Hytken=s claims without prejudice but did
not dismiss the counterclaims raised by the Schaefer defendants.  AParties have an absolute right to
nonsuit their own claims, but not someone else=s claims they are trying to avoid.@  Tex. Mut. Ins. Co. v. Ledbetter,
251 S.W.3d 31, 37 (Tex. 2008); BHP Petroleum Co. Inc. v. Millard, 800
S.W.2d 838, 841B42 (Tex. 1990).  Although the Declaratory Judgments Act is A>not available to settle disputes
already pending before a court,=@ a defensive declaratory judgment may
present issues beyond those raised by the plaintiff.  BHP Petroleum, 800
S.W.2d at 841B42 (quoting Heritage Life Ins. Co. v. Heritage Group Holding Corp.,
751 S.W.2d 229, 235 (Tex. App.CDallas 1988, writ denied) (op. on reh=g)).  For example, in BHP
Petroleum, the defendant requested declaratory relief in response to a
plaintiff=s breach of contract claims.  Id. at 839 n.3.  Before the
commencement of discovery, the plaintiff nonsuited its claims.  Id. at
840.  The trial court dismissed the claims brought by the plaintiff, but
retained the defendant=s counterclaim as Aa pending claim for affirmative
relief . . . not affected by the [nonsuit] order.@ Id.  The plaintiff then
sought a writ of mandamus to compel the trial court to dismiss the defendant=s claims.  Id. at 839.  The
Supreme Court denied the plaintiff=s request for mandamus relief because
the defendant=s counterclaim for a declaratory judgment presented Aissues beyond those raised by the
plaintiff.@  Id. at 841B42.  The Court concluded that the counterclaim had Agreater ramifications@ than the original suit.  Id.
at 842.








Here,
Hytken filed suit for breach of contract, promissory estoppel, detrimental
reliance, fraud, and economic duress arising from the Schaefer defendants= purchase of the two tracts of land. 
In response, the Schaefer defendants sought various declarations, including a
declaration that Hytken has no ownership interest in the property at issue. 
Thus, the Schaefer defendants sought a declaratory judgment that, although
responsive to Hytken=s claims, did not depend on them.[6] 
Like the counterclaim of the defendant in BHP, the Schaefer defendants= counterclaim had Agreater ramifications@ than Hytken=s original suit.

In sum,
the Schaefer defendants= declaratory judgment claims presented issues beyond those
raised by Hytken.  Thus, the trial court did not lose jurisdiction over them
when Hytken nonsuited his own claims.  See id.; see also Tex. Mut.
Ins. Co., 251 S.W.3d at 38; cf. Town of Flower Mound, Tex. v. Upper
Trinity Reg=l Water Dist., 178 S.W.3d 841, 844 (Tex. App.CFort Worth 2005, no pet.) (AA request for attorney=s fees made in accordance with [the
Declaratory Judgments Act] is a claim for affirmative relief authorizing a
party to be heard . . . .  Therefore, . . . [a]ppellee=s claim for attorney=s fees was not affected by the
dismissal [of the plaintiff=s claims], and the trial court did not lack jurisdiction to
determine the Chapter 37 attorney=s fees claims.@).  We therefore conclude the trial
court maintained jurisdiction over the Schaefer defendants= counterclaims when Hytken non-suited
his claims.

B.        Summary Judgment

Hytken
also asserts that the Schaefer defendants only sought a declaration of title
free and clear of Hytken=s claims.  He contends the trial court=s judgment Adeclares all manner of other unproven
and unpled relief, for instance; [sic] [Hytken] was never party to a contract
or joint venture involving the property.@  








In
making this argument, however, Hytken ignores the fact that the Schaefer
defendants not only sought such a declaration of title, but also pleaded for Asuch other and further relief to
which [they] may show themselves . . . justly entitled.@[7]  And, although a trial court=s judgment must conform to the
pleadings, it Ashall be so framed as to give the party all the relief to which he may be
entitled either in law or equity.@  Tex.
R. Civ. P. 301.  Thus, the Schaefer defendants were not required to
itemize every declaration that would afford them the relief to which they were
entitled.  See, e.g., Horizon/CMS Healthcare Corp. v. Auld, 34
S.W.3d 887, 897 (Tex. 2000) (A>A petition is sufficient if it gives
fair and adequate notice of the facts upon which the pleader bases his claim.=@ (quoting Roark v. Allen, 633
S.W.2d 804, 810 (Tex. 1982)).  Finally, even if we construe Hytken=s argument as a complaint that the
judgment was based on claims that were not pleaded, rather than relief that was
not specifically described, this argument also must fail inasmuch as Hytken
failed to object to the motion on that basis.  See Tex. R. Civ. P. 67 (governing trial by
consent); Goodyear Tire & Rubber Co. v. Mayes, 236 S.W.3d 754, 756
n.1 (Tex. 2007) (noting that parties may try an issue by consent in summary
judgment proceedings).  

Under
these circumstances, we conclude that the Schaefer defendants= pleadings sufficiently support the
trial court=s judgment.








IV.  Conclusion

First,
we have concluded that the trial court did not lose jurisdiction over the Schaefer
defendants= counterclaims when Hytken non-suited his claims for affirmative relief. 
Second, the Schaefer defendants= pleadings support the trial court=s judgment.  We therefore overrule
Hytken=s sole issue on appeal and affirm the
judgment of the trial court.

 

 

/s/        Eva M. Guzman

Justice

 

 

Panel
consists of Justices Anderson, Frost, and Guzman. 

 

 









[1]  Hytken=s
son, Kent Hytken, acting as Hytken=s
attorney-in-fact, filed the lawsuit pro se against the Trust and its trustees.
At some point, however, Hytken apparently retained counsel, and by the time
this lawsuit proceeded to the summary judgment stage, Hytken was represented by
retained counsel.  Kent Hytken, again operating as Hytken=s attorney-in-fact, filed the notice of appeal in this
case.  The appeal was subsequently abated in June 2007, due to a suggestion of
Robert Hytken=s death.  The appeal was later reinstated after
counsel was  retained.  See Tex.
R. App. P. 7.1(a)(1) (AIf a party to a
civil case dies after the trial court renders judgment but before the case has
been finally disposed of on appeal, the appeal may be perfected, and the
appellate court will proceed to adjudicate the appeal as if all parties were
alive.@).





[2]  Another entity, Hytken Family Limited, a Nevada
corporation, filed suit against the Schaefer defendants and Galveston Shores,
L.P. in October 2005.  This lawsuit involved essentially the same operative
facts as the instant suit filed by Hytken.  See Hytken Family Ltd. v.
Schaefer, 431 F. Supp. 2d 696, 697B98
(S.D. Tex. 2006).  The federal district court dismissed the case without
prejudice after determining that the assignment of Robert Hytken=s Arights, claims
title, interest and choses in action@ in
his 96 acres of AGalveston Beach Land@ was undertaken solely to create diversity jurisdiction in violation of
Title 28 of the United States Code, section 1359.  See id. at 700.





[3]  Our record contains no filings between the November
2005 non-suit and the January 2007 summary judgment motion.





[4]  Specifically, two deeds of trust recorded in
Galveston County signed by Kent Hytken were declared null and void by the trial
court in its  judgment.  The first deed purportedly transferred 24.416 acres of
Reserve AI@ of the Grand
Beach subdivision from Kent B. Hytken and Hytken=s Partnership Inc. to Robert M. Hytken.  This deed was identified by
filing number GAC 2006044645 and was recorded on July 5, 2006.  The second
deed, identified by filing number GAC 2006041478, was executed on June 3, 2003.





[5]  The trial court also awarded the Schaefer defendants
post-judgment interest and costs.  





[6]  For example, the Schaefer defendants did not simply
seek declarations mirroring Hytken=s
claims, such as declarations that they had not breached a contract with or
defrauded Hytken.  Further, Hytken=s
reliance on Taliaferro v. Smith is misplaced.  804 S.W.2d 548, 550 (Tex.
App.CHouston [14th Dist.] 1991, no writ). In Taliaferro,
the defendants sought cancellation of a lis pendens, which this court concluded
is not a claim for affirmative relief that would prevent a plaintiff from
taking a non-suit.  Id.  We determined that the trial court erred in
failing to grant the plaintiff=s non-suit.  Id. 
In contrast, here, the trial court granted Hytken=s non-suit.  





[7]  Hytken relies on Chessher v. Southwestern Bell
Telephone Co., but this case is easily distinguishable.  658 S.W.2d 563,
564 (Tex. 1983) (per curiam).  In Chessher, the appellate complaint was
that the grounds for the trial court=s
summary judgment were not included in the summary-judgment motion.  Id. 
To the contrary, here,  the Schaefer defendants sought declarations in their
motion for summary judgment that (1) Hytken has never held any ownership
interest in the property and was never involved in any contract involving this
land; (2) Hytken has made a wrongful assertion of ownership over this property
and holds no ownership interest or title claim in the property; (3) all claims
made by Hytken involving this property are invalid attempts to cloud their
title to the property; and (4) they own the property free and clear of any
claim asserted by Hytken.  Thus, the grounds for the summary judgment were
enumerated in the summary-judgment motion, and Hytken=s reliance on Chessher is misplaced.